## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  1:18-CV-1769

BRETT BLAZEK and TARAH BLAZEK,

Plaintiffs,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

Defendant.

---

## NOTICE OF REMOVAL

---

Defendant Safeco Insurance Company of America ("Defendant"), by and through its undersigned counsel, Lewis Roca Rothgerber Christie LLP, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of the removal of this action from the District Court, Jefferson County, State of Colorado, to the United States District Court for the District of Colorado.  In support of said removal, Defendant states as follows:

## <u>INTRODUCTION</u>

1.     On June 21, 2018, Plaintiffs initiated this action by filing their Complaint and Jury Demand ("Complaint") in the Jefferson County District Court, State of Colorado, Case No. 2018CV31012 ("State Action").  *See* Complaint attached as **Exhibit A.**

2.     Plaintiffs' Complaint alleges three claims for relief against Defendant, including a First Claim for Relief for Breach of Contract, a Second Claim for Relief for Bad

Faith Breach of Insurance Contract, and a Third Claim for Relief for alleged Violation of

C.R.S. § 10-3-1116 and Relief Pursuant to § 10-3-1115.

3.  This action arises out of Plaintiffs' demand for insurance damage rising out of

a water loss that reportedly occurred on or about August 3, 2017 at Plaintiffs' residential

property located at 8533 South Flower Court, Littleton, Colorado 80128.

<u>**COMPLIANCE WITH THE RULES**</u>

4.  All procedural requirements related to the removal of this action have been

satisfied.

5.  On June 22, 2018, Plaintiffs served Defendant with a Summons and copy of

Plaintiffs' Complaint.  *See* Return of Service, attached as **Exhibit B**.

6.  This Notice of Removal is filed within thirty (30) days of the receipt by

Defendant of the Summons and Complaint and is, therefore, timely pursuant to 24 U.S.C.

§§ 1441 and 1446(b).

7.  Concurrent with this Notice of Removal, Defendant is filing a Notice of Filing

of State Court Records pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCivR 81.1.  This

includes a true and correct copy of the state court docket, which includes all state court

pleadings, motions and other papers known to have been served on Defendant.

8.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiffs'

Summons (attached as **Exhibit C**) and Complaint is attached to this Notice of Removal**.**

9.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being

served upon counsel for Plaintiffs.

10.     Pursuant to 28 U.S.C. § 1446(d), Defendant will file a Notice of Filing of Notice of Removal in the pending State Action, Case No. 2018CV31012, Jefferson County District Court, State of Colorado.  A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit D**.

11.     Pursuant to D.C.Colo.LCivR 81.1, Defendant states that no hearings or motions are pending, nor has any trial been set in the State Action.

12.     Pursuant to Fed.R.Civ.P. 81(c), Defendant will present its defenses by pleading at the time prescribed therein, and specifically reserves its right to assert all defenses, including those defenses under Fed.R.Civ.P. 12(b).

13.     Venue is proper in the District of Colorado because this District embraces the location where the State Action is pending.  *See* 28 U.S.C. § 1446(c).

## DIVERSITY JURISDICTION

14.     Plaintiffs' Complaint asserts claims over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because: (a) the parties are citizens of different states, and (b) the amount in controversy exceeds $75,000.

## A.     THE PARTIES ARE CITIZENS OF DIFFERENT STATES

15.     Plaintiffs are citizens of the State of Colorado who reside in Jefferson County, Colorado.  *See* **Exhibit A**, ¶¶ 5, 6.

16.     Defendant Safeco Insurance Company of America is a citizen of the State of New Hampshire and the State of Massachusetts.  Defendant is incorporated under the laws of the State of New Hampshire and maintains its principal place of business in Boston, Massachusetts.  *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of

every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…").

17.     For purposes of federal diversity jurisdiction, the parties are completely diverse.

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

18.     While not waiving Defendant's right to contest the issue, Plaintiffs seek a monetary judgment in excess of $75,000, exclusive of interest and costs.  The fact that the jurisdictional amount in controversy exceeds $75,000, exclusive of interest and costs, is confirmed by the Civil Case Cover Sheet filed by Plaintiffs in the State Action

19.     "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2).

20.     In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint.  *Ronzio v. Denver & R.G.W.R. Co.,* 116 F.2d 604, 606 (10th Cir. 1940).  "The test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce."  *Id.; see also, McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose.)

21.      When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.  *Dart Cherokee Basin Operating Company, LLC v. Owens,* 135 S.Ct. 547, 553

- 4 -

(2014).  A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  *Id.* at 554.   A notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of . . . other paper from which it may first be ascertained in the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Information relating to the amount in controversy in the record of the state proceeding, or in response to discovery, shall be treated as an "other paper."  28 U.S.C. § 1446(c)(3)(A).

22.     In this case, Plaintiffs admits that the jurisdictional amount in controversy exceeds $75,000, exclusive of interest and costs, by the filing of their Civil Case Cover Sheet, attached as **Exhibit F**.  Pursuant to Colo.R.Civ.P. 8(a):  "Each pleading containing an initial claim for relief in a civil action . . . shall be accompanied by a completed Civil Cover Sheet in the form and content of Appendix to Chapters 1 to 17, Form 1.2 (JDF 601), at the time of filing."  The Civil Case Cover Sheet requires Plaintiffs to categorize the relief sought as either being more or less than $100,000 and must be filed with each pleading containing an initial claim for relief and shall be served on all parties along with the pleading.  *See* Colo.R.Civ.P. at Form JDF 601.

22.     Here, in the State Action, Plaintiffs' counsel filed a Civil Case Cover Sheet in which Plaintiffs confirm that they seek "a monetary judgment for more than $100,000 against another party, including any attorneys' fees, penalties or punitive damages, but excluding interest and costs . . ."  *See* **Exhibit E**, State Court Civil Case Cover Sheet.

23.     The "[Civil Case Cover Sheet] is at least properly considered an 'other paper' under § 1446(b)(3)."  *See Paros Properties LLC v. Colorado Casualty Insurance Co.,* 835

F.3d 1264, 1272-1273 (10th Cir. 2016).  As the Tenth Circuit Court of Appeals has concluded:

> . . . at least one federal district judge in Colorado has determined that the cover sheet is notice that starts the removal clock.  *See Henderson v. Target Stores, Inc*., 431 F.Supp. 2d 1143, 1144 (D. Colo. 2006) (civil cover sheet is an 'other paper' that put the defendant on notice that the amount in controversy exceeded $75,000).  We think that view is sound. There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply).

> *Id.*

24.     In addition, the allegations of Plaintiffs' Complaint confirm that the amount of the alleged water loss exceeds the jurisdictional amount in controversy.  *See* **Exhibit A**, ¶ 47.

25.     Finally, in addition to the insurance coverage demanded by Plaintiffs, pursuant to C.R.S. § 10-3-1115 and 1116, Plaintiffs seek to recover "their reasonable attorneys' fees and court costs and two times the covered benefit, as allowed by C.R.S. § 10-3-1116."  *See* **Exhibit A, ¶¶** 67 and Wherefore Clause.  *See, e.g., Cox v. Lincoln Nat'l Life Ins. Co.,* No. 10-cv-20544-CMA-MEH, 2011 WL 1398811 (D.Colo. April 13, 2011) (the amount in controversy was satisfied when the plaintiff alleged that defendant was required to pay her $40,000 in insurance benefits and also asserted a claim for double damages under C.R.S. § 10-3-1116); *Washington v. Am. Family Mut. Ins. Co.,* No. 12-cv-02229-REB-KLM, 2013 WL 1414241 (D.Colo. April 8, 2013)(finding that a plaintiff's claim for statutory damages under C.R.S. § 10-3-1116, including attorneys' fees, was sufficient for establishing the amount in controversy for purposes of removal).

26.    Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000.00, exclusive of interest and costs, and therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

27.    Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant Safeco Insurance Company of America requests that the action now pending in the Jefferson County District Court, Case No. 2018CV31012, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 11th  day of July, 2018.

LEWIS ROCA ROTHGERBER CHRISTIE LLP


s/ *Brian J. Spano*
Brian J. Spano, Esq.
1200 17th Street, Suite 3000
Denver, CO 80202
Phone:  (303) 623-9000
E-mail:  bspano@lrrc.com

*Attorneys for Defendant*
*Safeco Insurance Company of America*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 11th day of July 2018, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed via the CM/ECF system and was served upon the following:

David Roth, Esq.
Samuel F. Mitchell, Esq.
Speights and Worrich, LLC
2149 South Holly Street, Suite 105
Denver, CO 80222
david@speightsfirm.com
sam@speightsfirm.com

*Attorneys for Plaintiffs Brett Blazek
and Tarah Blazek*

<u>*s/ Brian J. Spano*</u>
Brian J. Spano